UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA D. HAYWOOD,<br><br>                          Petitioner,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF,<br><br>                          Respondent. | Case No.: 18cv1252-CAB (WVG)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AS MOOT AND DISMISSING CASE WITHOUT PREJUDICE** |

      Petitioner, a pre-trial detainee proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with an application to proceed in forma pauperis. (ECF Nos. 1-2.) Three of the four claims in the Petition challenge the conditions of confinement at the Los Colinas Detention Facility where Petitioner is confined awaiting trial in the San Diego County Superior Court (ECF No. 1 at 6-8), and the remaining claim challenges her pending criminal charges (id. at 9). For the following reasons, the claims challenging the conditions of confinement are not properly brought in a habeas action under 28 U.S.C. § 2254, but must be brought if at all in a civil rights complaint pursuant to 42 U.S.C. § 1983, and the Court must abstain from addressing the claim challenging Petitioner's ongoing criminal proceedings. The Petition is therefore subject to dismissal without leave to amend, but without prejudice to present the conditions of confinement claims in a separate civil rights complaint, and without prejudice to present the claim

challenging the criminal charges in a separate federal habeas petition after the state criminal proceedings are final if necessary. The motion to proceed in forma pauperis is moot.

Petitioner's claims challenging the conditions of confinement are not cognizable on federal habeas corpus because they do not challenge the constitutional validity or duration of her confinement. In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Court held that habeas is the exclusive remedy for a state prisoner challenging the fact or duration of her confinement and where the relief she seeks is a determination she is entitled to release from that confinement. Id. at 488-500. Challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Id. at 499; see also Mayle v. Felix, 545 U.S. 644, 671 n.4 (2005) ("the single, defining feature setting habeas cases apart from other tort claims against the State is that they 'necessarily demonstrate[e] the invalidity of the conviction.'"), quoting Heck v. Humphrey, 512 U.S. 477, 480-85 (1994). Petitioner is advised that if she wishes to challenge the conditions of her confinement she must file a civil rights complaint pursuant to 42 U.S.C. § 1983, which will be filed as a separate civil action and given a separate civil case number.

The Court is barred from consideration of Petitioner's only other claim, alleging she is not guilty of the criminal charges upon which she is awaiting trial, by the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). Under Younger, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. Id. at 45-46; see Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (Younger "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. Sherwood v. Tompkins, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under Younger is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal

issue. Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria are satisfied here. At the time Petitioner filed the instant Petition her criminal case is ongoing in state court, there is no indication she is unable to petition the state courts for the relief she seeks, and there is no question that state criminal proceedings involve important state interests.

Petitioner has failed to show she has not been afforded an adequate opportunity to raise the federal issues in state court, or that the state courts do not provide her an adequate opportunity to raise her claim. Rather, her claim that she is not guilty of the offense on which she is awaiting trial (see ECF No. 1 at 9), is the type of claim that the state courts provide an opportunity to raise at trial and on appeal. Abstention is therefore required. See Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975) (Younger applies to state appellate proceedings as well as ongoing proceedings in state trial court); see also Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from that the case concluded in the state courts."); Juidice v. Vail, 430 U.S. 327, 337 (1977) (holding that if Younger abstention applies, a court may not retain jurisdiction but should dismiss the action).

## CONCLUSION AND ORDER

The Petition is **DISMISSED** without prejudice and without leave to amend because Petitioner must challenge the conditions of her confinement in this Court, if at all, in a separate civil rights complaint filed pursuant to 42 U.S.C. § 1983, and because the Court must abstain from interfering with the ongoing state criminal proceedings. The request to proceed in forma pauperis is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: June 14, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge